```
                 UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| GAMFW, INC. D/B/A FISHERMAN'S WHARF and BOBBY GRUMBLES § § § | |
| VS. § § | |
| THE UNITED STATES OF AMERICA AND THE DEPARTMENT OF COMMERCE, WILLIAM DALEY, Secretary, and NATIONAL MARINE FISHERIES SERVICE § § § § § § § § | CAUSE NO. C-00-028 |

United States District Court
Southern District of Texas
FILED

MAR 20 2000

Michael N. Milby, Clerk

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
REQUEST FOR EXPEDITED REVIEW**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

COME NOW GAMFW, Inc. d/b/a Fisherman's Wharf and Bobby Grumbles, Plaintiffs, and respectfully file and submit this their Motion for Summary Judgment and Request for Expedited Review, and would show this Honorable Court as follows:

1. **Request for Expedited Review.** Plaintiffs move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and would show that there are no genuine issues of material fact and that Plaintiffs are entitled to judgment as a matter of law. Plaintiffs request expedited review because the recreational fishery closure has been prolonged and the interim rule will further harm the fishery by increasing discard mortality. 16 U.S.C. §1855(F)(4) (allowance for expedited review). An expedited schedule will not prejudice Defendants because they anticipated this litigation at the time the interim rule was published. See NMFS' correspondence attached hereto as Exhibit

Page 1

27.

"1."

  2. **The Status Quo Regulatory Amendment was Properly Adopted and Not Challenged.** The status quo for the reef fish fishery management plan (hereinafter "FMP") for red snapper prior to implementation of the challenged interim rule was the following: January 1, 2000, recreational fishery opening; a 15" minimum size limitation; 4-fish bag limit; and 0-fish bag limit for the captains and crews of "for hire" vessels. The recreational total allowable catch (hereinafter "TAC") remained at 4.47 million pounds. This rule was published in accordance with the procedures required by the Magnuson Act, first as a proposed rule subject to public comment on June 29, 1999. 64 Fed. Reg. 34756. It was subsequently approved and published as a final rule on September 1, 1999. 64 Fed. Reg. 169. There was no judicial challenge of this regulation. A copy of NMFS' public notice is attached hereto as Exhibit "2."

  3. **The Subsequent Interim Rule Circumvented Required Administrative Procedures.** The challenged "interim" rule which was adopted without public comment and published on December 20, 1999, (eleven days before the recreational fishery was to open) changed the status quo FMP regulations in the following particulars which Plaintiffs now challenge:

   a. Delayed opening the recreational fishery until April 21, 2000;

   b. Increased size limitation from 15" to 16"; and

   c. Reinstated possession on "for hire" vessels for

Page 2

professional captains and crews.

4. **Basis for Motion.** For the following reasons Plaintiffs are entitled to summary judgment:

    a. No "overfishing" or "emergency" exists which would justify management by "interim" or "emergency" rule;

    b. An eight (8) month closure of the recreational fishery is arbitrary and violates National Standard 4 which requires that the allocation of fishing privileges be fair and equitable. The interim rule has an adverse and disproportionate impact on Texas;

    c. The increase in size limitation for the purpose of extending the fishing season is arbitrary and capricious in that it increases regulatory discard mortality in violation of National Standard 9. 16 U.S.C. §1851(a)(9);

    d. Reinstating bag limits for professional captains and crews is an arbitrary exemption to the 4-fish bag limitation for customers of chartered fishing vessels in the "for hire" sector of the recreational fishery and it does not reduce or relate to "overfishing;" and

    e. NMFS failed to prepare an environmental impact statement, and its determination that there will be no significant impact resulting from the increase

Page 3

in discard mortality is capricious. 42 U.S.C. §4332(2). The administrative record does not provide a reasonable basis for this finding.

 f. The interim rule was not approved by the State of Texas as required by the Coastal Zone Management Act, and Texas did not agree to an expedited schedule as claimed by the Secretary. The Act requires a 90-day period for review before final federal action. 16 U.S.C. §1456(c)(1)(c).

 5. At the time the challenged "emergency" or "interim" rule was approved, **no overfishing conditions existed** to justify circumventing the usual procedures requiring public comment, economic impact review and environmental impact assessments. 5 U.S.C. §553, §602 et. seq. The administrative record does not provide any support for NMFS' finding that an "emergency" or "overfishing" condition existed at the time of the proposed interim rule.

 6. In fact, the recreational season had not even opened, and a valid and approved regulatory amendment was already in place for the management of the 2000 season. In other words, the fishery is once again being manipulated by the use of "emergency" or "interim" measures in ways which not only obstruct the opportunity of the public to comment, but also severely restrict judicial review by "fast track" implementation of rules with short duration. The finding by NMFS that an "emergency" or "overfishing" condition exists now, 15 years into the management of this fishery, is

Page 4

arbitrary and capricious in the extreme.

7. The agency action which increased the size limitation to 16" has artificially increased the TAC by increasing mortality through regulatory discard. Such waste is a violation of National Standards 6 and 9. 16 U.S.C. §1851(6)(9). The Administrative Record fails to take into consideration the regional differences of the Red Snapper Fishery within the Gulf of Mexico, and in particular, the increase in mortality as a result of the discard of a large number of deep water fish as anglers attempt to fill their bag limit of four (4) fish in excess of 16" total length (discarding all smaller fish). NMFS' obstinate insistence on using size limitations to manipulate the TAC has been strongly objected to by both the State of Texas and the Environmental Defense Fund.

8. The administrative record provides no valid support for eliminating the 0-fish bag limits for captains and crew of "for hire" vessels. On the contrary, the obvious and stated purpose is to allow the <u>customers</u> of charter vessel services a special privilege to exceed the 4-fish limitation which is otherwise applicable to all other recreational anglers, and consequently shortens the recreational season to accommodate this unreasonable modification which has resulted in the recreational season being closed for 8 months. Plaintiffs are perplexed as to how this rule contributes in any way to reducing "overfishing" sufficient to justify an interim rule.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court declare the challenged regulation unlawful,

Page 5

hold it void, and restore the status quo. Plaintiffs request such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

*[signature]*

LES CASSIDY
1020 Bank of America Center North
500 North Water Street
Corpus Christi, Texas  78471
(361) 887-2965 office
(361) 878-6521 fax
State Bar Number 03979270
Federal ID 5931

Attorney-in-Charge for Plaintiffs


Of Counsel:

WOOLSEY & CASSIDY, P.C.
1020 Bank of America Center North
500 North Water Street
Corpus Christi, Texas  78471
(361) 887-2965 office
(361) 887-6521 fax

Page 6

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was forwarded by fax and certified mail March 20, 2000, as indicated below to:

Heidi Kukis
U.S. Department of Justice
Environmental & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369

Robert G. Hayes
Ball Janik, LLP
1455 F. Street NW, Suite 225
Washington, D.C.  20005

_____
Les Cassidy

Page 7



**UNITED STATES DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
Southeast Regional Office
9721 Executive Center Drive N.
St. Petersburg, FL 33702
727/570-5305, FAX 727/570-5583.

Copy C+TS + Trish

DEC 9    5:45

DEC 20 1999    F/SER23:MEJ

Mr. Wayne Swingle
Executive Director
Gulf of Mexico Fishery Management Council
The Commons at Rivergate
3018 U.S. Highway 301 North, Suite 1000
Tampa, FL 33619-2266

Dear Wayne:

On December 20, 1999, an interim rule (64 FR 71056) was published in the *Federal Register* that would implement new management measures for the 2000 red snapper season. Opponents of the interim rule have notified NMFS personnel of their intent to challenge the above rule in Federal Court. The Texas Shrimp Association indicated that TAC for red snapper is too high. The Recreational Fishing Alliance (RFA) indicated that the seasonal change would be economically stressful to the for hire sector. Several environmental groups contend that TAC is too high.

We anticipate that RFA will file the first lawsuit. Since RFA wants to retain the January 1, opening date, they probably will seek some sort of immediate review. Based on past experience, the Federal Judge may hold several emergency hearings by telephone and request that NMFS expedite the compilation of the Administrative Record. We expect these activities to occur as soon as the suit is filed, which could be any time.

For this Administrative Record, we will need the documents that were used to prepare the interim rule. These documents consist of: (1) e-mail; (2) minutes of meetings of the Gulf Council and associated management committees, scientific committees, and advisory panels; (3) committee and advisory panel reports, stock assessment panel reports, memorandums, key scientific papers, and (4) any other records. Begin your document search with December 15, 1999, the date the rule was filed with the Federal Register and work backwards. Key dates for your information are: (1) November 8-12, 1999, the meeting dates of the Gulf Council, and (2) September 20-24, 1999, the meeting dates of the Gulf Council Reef Fish Stock Assessment Panel. Also during the public hearings at the November 1999 meeting, Dr. Benny Gallaway stated that Maximum Excess Recruits (MER) was an acceptable management approach for the restoring the red snapper stock in the Gulf of Mexico. The Gulf Council considered and rejected this concept at the November 1998 meeting. Please include the documents associated with the discussion and rejection of the MER concept.



EXHIBIT "1"

2

Because the allegation includes the TAC, we will add documents from the different Administrative Records already here. The 9.12 million pound TAC was developed back in 1995 and implemented in 1996. We will research this and other issues and will get back to everyone as needed. Meanwhile, please send your documents as soon as possible to Michael E. Justen. Contact Michael E. Justen or Roy Crabtree if you need additional information.

Sincerely yours,

*James E. Weaver*
for
William T. Hogarth, Ph.D.
Regional Administrator

cc: GCSE - B. Michael McLemore



# Southeast Fishery Bulletin

National Marine Fisheries Service, Southeast Regional Office, 9721 Executive Center Drive N., St. Petersburg, FL 33702

**FOR INFORMATION CONTACT:**
Roy Crabtree, or Roy.Crabtree@noaa.gov
727/570-5305, FAX 727/570-5583
http://caldera.sero.nmfs.gov

**FOR IMMEDIATE RELEASE:**
September 14, 1999
NR99-052

## NEW REGULATIONS APPROVED FOR THE RECREATIONAL AND COMMERCIAL GULF OF MEXICO RED SNAPPER FISHERIES

NOAA Fisheries has approved a zero-fish bag limit for captain and crew of for-hire vessels and a four-fish bag limit for all other recreational anglers. NOAA Fisheries has also approved a change in the duration of the commercial fall season from the first 15 days of each month to the first 10 days of each month until the fall quota is caught. Commercial fishing during the fall season will begin at noon on the 1st of each month and cease at noon on the 10th of each month until the fall quota is reached.

NOAA Fisheries disapproved a proposal by the Gulf of Mexico Fishery Management Council (Council) to reduce the minimum size limit to 14 inches. This measure would have shortened the recreational season, which was contrary to the intent of the Council, with little or no corresponding benefit to the stock.

NOAA Fisheries also disapproved the Council's proposal to delay the opening of the recreational fishery from January 1 until March 1. The Council recommended this measure to extend the fishing season further into the fall; however, all analyses suggest that the two-month delay would result in a net loss of fishing days. Furthermore, public comment on the proposed rule suggested that this measure would have an adverse economic impact on the Texas red snapper fishery. NOAA Fisheries disapproved this measure based upon national standard 4 of the Magnuson-Stevens Fishery Conservation and Management Act, which requires that allocation of fishing privileges be fair and equitable. Approval of this measure would have placed an unfair economic burden on the Texas for-hire sector and would have shortened the red snapper recreational fishing season without any clear offsetting economic benefits.

This and other news releases are available on the SERO homepage at http://caldera.sero.nmfs.gov. NOAA Fisheries is an agency of the Commerce Department's National Oceanic and Atmospheric Administration.

---

National Marine Fisheries Service
Southeast Regional Office, F/SER23
9721 Executive Center Drive North
St. Petersburg, FL 33702

Official Business
Penalty for Private Use - $300
NR99-052

FIRST CLASS MAIL
POSTAGE & FEES PAID
U.S. DEPARTMENT OF COMMERCE
PERMIT NO. G-19

**EXHIBIT "2"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

| | |
|---|---|
| GAMFW, INC. D/B/A FISHERMAN'S WHARF and BOBBY GRUMBLES § § § § VS. § § THE UNITED STATES OF § AMERICA AND THE § DEPARTMENT OF § COMMERCE, WILLIAM DALEY, § Secretary, and § NATIONAL MARINE § FISHERIES SERVICE § | CAUSE NO. C-00-028 |

## ORDER FOR SUMMARY JUDGMENT

BE IT REMEMBERED that on this day came on for consideration the Motion for Summary Judgment filed by Plaintiffs. This Court having considered the same is of the opinion that Plaintiffs' motion should be granted.

_____
U.S. District Judge

Page 8