UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 21 2000

Michael N. Milby, Clerk

| | |
|---|---|
| GAMFW, INC. D/B/A FISHERMAN'S WHARF and BOBBY GRUMBLES § § § | |
| VS. § § | |
| THE UNITED STATES OF AMERICA AND THE DEPARTMENT OF COMMERCE, WILLIAM DALEY, Secretary, and NATIONAL MARINE FISHERIES SERVICE § § § § § § § § | CAUSE NO. C-00-028 |

**PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

COME NOW GAMFW, Inc. d/d/a Fisherman's Wharf and Bobby Grumbles, Plaintiffs, and respectfully file and submit this their Second Amended Original Complaint and Request for Declaratory Relief, and for cause of action would respectfully show unto this Honorable Court as follows:

1. **Jurisdiction.** Jurisdiction is founded on the existence of a federal question pursuant to 28 U.S.C. §1331. This action arises under the provisions of the Magnuson Fishery Conservation and Management Act, 16 U.S.C. §1801 *et seq.*

2. **Venue.** Venue of this action is proper within the United States District Court for the Southern District of Texas, Corpus Christi Division, pursuant to 5 U.S.C. §703.

The individual Plaintiff, Bobby Grumbles, is domiciled within this Division of the Southern District of Texas, and interests affected by the challenged regulation are based within this

32.

Division.

    Plaintiff, GAMFW, Inc., d/b/a/ Fisherman's Wharf, is a private corporation which operates a "headboat" service out of Port Aransas, Texas. The names of its vessels are **THE SCAT CAT** and **THE WHARF CAT**, and their services are available to the general public.

    3.   **Service of Process.** No service is necessary.

    4.   **Summary of the Case.** The National Marine Fishery Service published an interim rule which closes the red snapper fishery until April 21, 2000. This rule was published on December 20, 1999, in the Federal Register.

    5.   The challenged regulation is *not a conservation measure*. The National Marine Fisheries Service has <u>increased</u> the total by-catch by implementing this rule. Such action by NMFS was arbitrary, capricious, and not based upon the best scientific evidence available.

    6.   **Statement of the Case.** Plaintiffs are involved in, fishing for red snapper off the coast of Texas.

    7.   This is a suit for non-monetary relief under the provisions of the Administrative Procedure Act, 5 U.S.C. §702 *et seq*.

    8.   Plaintiffs contend that the Defendant Secretary has acted arbitrarily and capriciously in closing the Red Snapper Fishery until April 21, 2000.

    9.   Plaintiffs contend that the Secretary has established a system for limiting access to the red snapper fishery in violation of 16 U.S.C. §1853 which requires the Secretary to take into

consideration present participation in the fishery, historical fishing practices, economics of the fishery, the capability of fishing vessels using the fishery to engage in other fisheries, and other relevant considerations. Additionally, Plaintiffs intend to show that procedural irregularities exist in the adoption of the challenged emergency rule.

10. **Basis for Challenge.** Plaintiffs contend the interim rule is invalid for the following reasons:

    a. No "overfishing" or "emergency" exists which would justify management by "interim" or "emergency" rule;

    b. An eight (8) month closure of the recreational fishery is arbitrary and violates National Standard 4 which requires that the allocation of fishing privileges be fair and equitable. The interim rule has an adverse and disproportionate impact on Texas;

    c. The increase in size limitation for the purpose of extending the fishing season is arbitrary and capricious in that it increases regulatory discard mortality in violation of National Standard 9. 16 U.S.C. §1851(a)(9);

    d. Reinstating bag limits for professional captains and crews is an arbitrary exemption to the 4-fish bag limitation for customers of chartered fishing vessels in the "for hire" sector of the

recreational fishery and it does not reduce or relate to "overfishing;" and

    **e.** NMFS failed to prepare an environmental impact statement, and its determination that there will be no significant impact resulting from the increase in discard mortality is capricious. 42 U.S.C. §4332(2). The administrative record does not provide a reasonable basis for this finding.

    **f.** The interim rule was not approved by the State of Texas as required by the Coastal Zone Management Act, and Texas did not agree to an expedited schedule as claimed by the Secretary. The Act requires a 90-day period for review before final federal action. 16 U.S.C. §1456(c)(1)(c).

**11. Relief Requested.** Plaintiffs request that the adopted regulation be held unlawful and set aside pursuant to Federal law. Plaintiffs request that the Secretary file the administrative record as requested by 16 U.S.C. §1855(b)(3)(B).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that upon final hearing hereof, the challenged regulation be declared unlawful and held void as a matter of law. Plaintiffs request such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

_____
LES CASSIDY
1020 Bank of America Center North
500 North Water Street
Corpus Christi, Texas  78471
(361) 887-2965 office
(361) 878-6521 fax
State Bar Number 03979270
Federal ID 5931

Of Counsel:

WOOLSEY & CASSIDY, P.C.
1020 Bank of America Center North
500 North Water Street
Corpus Christi, Texas  78471
(361) 887-2965 office
(361) 887-6521 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by fax and U.S. Mail on March 21, 2000, as indicated below to:

Heidi Kukis
U.S. Department of Justice
Environmental & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369

Robert G. Hayes
Ball Janik, LLP
1455 F. Street NW, Suite 225
Washington, D.C.  20005

_____
Les Cassidy