United States District Court
Southern District of Texas
FILED

MAR 22 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GAMFW, INC., DBA FISHERMAN'S WHARF and BOBBY GRUMBLES ) ) ) | |
| Plaintiffs, ) ) | CASE NO. C-00-028 |
| vs. ) ) | |
| THE UNITED STATES OF AMERICA, ) et. al ) ) | |
| Defendants. ) ) | |

**FEDERAL DEFENDANTS' MOTION FOR CLARIFICATION REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
and
FEDERAL DEFENDANTS' REQUEST FOR REASONABLE TIME WITHIN WHICH TO RESPOND TO ISSUES RAISED BY PLAINTIFFS**

The federal defendants, William Daley, in his official capacity as the Secretary of the United States Department of Commerce, and the National Marine Fisheries Service, hereby file a Motion for Clarification Regarding Plaintiffs' Motion For Leave To File Second Amended Complaint, and Federal Defendants' Request For Reasonable Time Within Which To Respond To Issues Raised By Plaintiffs and aver as follows:

1. Recreational Fishermen of America, Recreational Fishing Alliance Texas, Recreational Fishing Alliance National, and Bobby Grumbles filed their original complaint on January 19, 2000. Process was complete on February 2, 2000. The suit challenges the National Marine Fisheries Service's (NMFS) Red Snapper Management Measures Interim Rule & Request for Comments (Interim Rule), promulgated pursuant to the Magnuson-Stevens Fisheries Conservation &

1

Management Act, 16 U.S.C. §1801, et seq., (Magnuson-Stevens Act), which modifies recreational and commercial fishing seasons, increases recreational minimum size limit and reinstates a 4-fish bag limit for captain and crew of for-hire vessels. (64 Fed.Reg.71056, December 20, 1999)

2. Late in the afternoon of Monday, March 20, 2000, plaintiffs in the above-captioned case filed their Motion For Summary Judgment And Request For Expedited Review, and Plaintiffs' Brief In Support Of Their Motion for Summary Judgment. In both of these documents, plaintiffs raised numerous new and substantive issues which were not in either their Original Complaint (filed January 21, 2000) or in their First Amended Original Complaint (filed February 15, 2000). See ¶¶ 9, 10 below.

3. During the morning of March 21, 2000, plaintiffs contacted federal defendants about their filing a Motion For Leave To File 28 Page Legal Memorandum. The federal defendants stated that they did not oppose plaintiffs filing a motion that is 28 pages long. Obviously, federal defendants do oppose the contentions that plaintiffs make in their motion and will respond accordingly.

4. Late in the afternoon of March 21, 2000, plaintiffs contacted federal defendants about their filing a Motion For Leave To File Second Amended Complaint And Request For Declaratory Relief to address the numerous new and substantive issues raised in their Motion For Summary Judgment And Request For Expedited Review, and Plaintiffs' Brief In Support Of Their Motion For Summary Judgment. Federal defendants responded by saying that they would not oppose such a filing if plaintiffs included in the Certificate of Consultation that their Motion For Leave To File Second Amended Complaint And Request For Declaratory Relief is subject to

2

Fed.R.Civ.Proc. 56(a) and Local Rule 6D. The plaintiffs would not agree to add this language to the Certificate of Consultation.

5. Fed.R.Civ.Proc. 56(a) provides that, "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." In other words, plaintiffs in this case may not file a dispositive motion, or in the instant case, raise new issues in their Motion For Summary Judgment And Request For Expedited Review, or in their Brief In Support Of Their Motion For Summary Judgment, until <u>after</u> 20 days from the date of the filing of their action (i.e. Plaintiffs' Second Amended Complaint And Request For Declaratory Relief). Twenty days from the date of the filing of Plaintiffs' Second Amended Complaint And Request For Declaratory Relief is **April 10, 2000**, assuming that plaintiffs filed their motion to amend and that the Court granted that motion on March 21, 2000. Otherwise, according to this federal rule, federal defendants are entitled to 20 days from the date that the Court formally grants plaintiffs' motion to amend.

6. Furthermore, Local Rule 6D provides that, "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel." In other words, a party filing an opposition to a Motion For Summary Judgment has 20 days from the date of that filing to respond in writing to the Court. As described in ¶ 5, the soonest plaintiffs can raise <u>new</u> issues through a Motion For Summary Judgment is April 10, 2000, assuming that they filed their motion to amend and that the Court granted that motion on March

21, 2000 (otherwise 20 days from the date that the Court formally grants plaintiffs' motion to amend). From that date, federal defendants have 20 days in which to respond in writing to the Court, according to Local Rule 6D. That means that the <u>soonest</u> that federal defendants should have to respond to the <u>new</u> issues raised by plaintiffs in this case is **April 30, 2000**. Again, this date assumes that the plaintiffs filed their motion to amend and that the Court granted that motion on March 21, 2000. <u>See</u> ¶ 5.

7. Both Fed.R.Civ.Proc. 56(a) and Local Rule 6D are meant to protect parties during litigation so that they have an adequate time to prepare for and then respond to the numerous issues raised during litigation, many of them complex and time-consuming. This is especially important when a party moves for summary judgment on issues not previously raised in the Complaint.

8. In the instant case, the Administrative Record (filed with the Court on February 18, 2000) totals 18 volumes of material and comprises 8,882 pages of documents. Already, the parties have addressed issues of supplementation of the record and the need for a protective order. No deadline has been agreed upon to resolve all outstanding issues -- both current and unforeseen -- related to the Administrative Record.

9. The new issues raised by plaintiffs in their Motion For Summary Judgment And Request For Expedited Review, Brief In Support Of Their Motion For Summary Judgment, and Second Amended Complaint And Request For Declaratory Relief are almost all entirely new. A side-by-side comparison of Plaintiffs' First Amended Original Complaint And Request for Declaratory Relief and Plaintiffs' Motion For Leave To File Second Amended Complaint And Request For Declaratory Relief (filed <u>after</u> they had raised these issues in their motion for

summary judgment) shows that the bases for plaintiffs' challenges are almost entirely new.

10. Some of the new challenges that plaintiffs bring at this late date include an increase in the size limitation for the purpose of extending the fishing season; reinstating bag limits for professional captains and crews; an allegation that NMFS is required and has failed to prepare an environmental impact statement; and that the challenged Interim Rule was not approved by the State of Texas as required by the Coastal Zone Management Act. See Plaintiffs' Motion For Leave To File Second Amended Complaint And Request For Declaratory Relief pp. 3-4.

11. Federal defendants will attempt to respond to these new challenges as quickly as possible despite plaintiffs' unorthodox filing methods. However, federal defendants, under both the Federal Rules of Civil Procedure and this Court's Local Rules, are entitled to fair notice and an opportunity to respond. Federal Defendants' respectfully request a reasonable amount of time as defined by federal and local rules to respond to these issues, both old and new, raised by the plaintiffs. Federal defendants' objective in making this request is to ensure that there is fair notice of the issues and an opportunity to respond in a way that is thorough, reasoned and effective.

12. Therefore, federal defendants respectfully submit for consideration to this Court that they be given at least until **April 30, 2000** to respond to all of the issues raised by plaintiffs – both old and new – in one comprehensive Federal Defendants' Motion In Opposition To Plaintiffs' Motion For Summary Judgment. See ¶¶ 5-6 regarding a later date for federal defendants' motion to be due if the plaintiffs did not file their motion to amend and the Court did not grant that motion on March 21, 2000. This date not only is accorded by federal and local rules, it is fair and justified in this particular case where plaintiffs have raised numerous new and substantial issues at the last minute. Furthermore, by granting federal defendants' request, this

5

Court would further the ends of justice by providing for a full briefing of the issues in this case.

13. Finally, any contentions by plaintiffs that federal defendants' Motion In Opposition To Plaintiffs' Motion For Summary Judgment be bifurcated among old and new issues, and, thus, that two separate deadlines be set for response is unfair and unjustified given the way that plaintiffs have raised these numerous new and substantive issues. Plaintiffs were given the opportunity to file their motion for summary judgment in one complete brief; federal defendants respectfully request that same opportunity. Furthermore, plaintiffs cannot show that by following the federal and local rules regarding fair notice and opportunity to respond to the issues that they will be harmed in any way. Specifically, plaintiffs cannot show that any request for relief that they ask of this Court could not otherwise be granted if this motion is accepted. As a practical matter, the Red Snapper fishing season opens in less than 30 days.

Respectfully submitted this 22nd day of March, 2000.

LOIS J. SCHIFFER
Assistant Attorney General
Environment and Natural Resources Division

JEAN WILLIAMS
Chief, Wildlife & Marine Resources Section
Environment and Natural Resources Division

LARRY LUDKA
Assistant United States Attorney

\* /s/ Heidi Kukis
HEIDI KUKIS
Attorney-in-Charge for Federal Defendants
D.C. Bar No. 459212
Office of the Assistant Attorney General
Environment & Natural Resources Div.
U.S. Department of Justice
950 Pennsylvania Ave., NW, Room 2738

Washington, D.C. 20530<br>
Telephone: (202) 305-0544<br>
Facsimile: (202) 305-2573

\* Signed by Charles Wendlandt, Assistant U.S. Attorney, with the permission of Heidi Kukis

Of Counsel for Defendants:

E.V.E. JOY
Attorney Advisor
Mississippi Bar No. 3245
United States Department of Commerce
National Oceanic and Atmospheric Administration
Office of General Counsel-Southeast Region
9721 Executive Center Drive, N
Suite 137
St. Petersburg, FL 33702
Telephone: (727) 570-5370
Facsimile: (727) 570-5376

CONSTANCE SATHRE
Attorney-Advisor
United States Department of Commerce
National Oceanic and Atmospheric Administration
Office of General Counsel for Fisheries
1315 East-West Highway
Room 15602
Silver Spring, MD 20910
Telephone: (301) 713-2231
Facsimile: (301) 713-0658

## CERTIFICATE OF CONSULTATION

In consideration of Local Rule 6, the federal defendants hereby certify that late in the afternoon on March 21, 2000, counsel for plaintiffs contacted counsel for federal defendants regarding their request for Motion For Leave To File Second Amended Complaint And Request

For Declaratory Judgment. As explained in the foregoing motion, federal defendants responded by saying that they would not oppose plaintiffs' filing if plaintiffs included in their Certificate of Consultation that their Motion For Leave To File Second Amended Complaint And Request For Declaratory Relief is subject to Fed.R.Civ.Proc. 56(a) and Local Rule 6D. The plaintiffs would not agree to add this language to their Certificate of Consultation, and, therefore, federal defendants file this motion as opposed.

\* *Heidi Kukis*
HEIDI KUKIS
Attorney-in-Charge for Federal Defendants

\* Signed by Charles Wendlandt, Assistant U.S. Attorney, with the permission of Heidi Kukis

Office of the Assistant Attorney General
Environment & Natural Resources Div.
U.S. Department of Justice
950 Pennsylvania Ave., NW, Room 2738
Washington, D.C. 20530
Telephone: (202) 305-0544
Facsimile: (202) 305-2573

## CERTIFICATE OF SERVICE

I hereby certify that on this 22th day of March 2000, a copy of the foregoing motion and the proposed order was hand-delivered to the office of Les Cassidy, Woolsey & Cassidy, P.C., 1020 Bank of America Center North, 500 N. Water Street, Corpus Christi, Texas 78471.

*Charles Wendlandt*
CHARLES WENDLANDT
Assistant United States Attorney

8



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GAMFW, INC. D/B/A/ FISHERMAN'S WHARF and BOBBY GRUMBLES <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, et. al <br><br> Defendants. | CAUSE NO. C-00-028 |

## ORDER

This matter is before the Court on Federal Defendants' Motion For Clarification Regarding Plaintiffs' Motion For Leave To File Second Amended Complaint and Federal Defendants' Request For Reasonable Time Within Which To Respond To Issues Raised By Plaintiffs. Upon consideration of the motion and associated papers, it is on this _____ day of _____, 2000,

ORDERED that, for good cause showing, Federal Defendants' above-captioned motion should be and hereby is GRANTED. Federal Defendants shall have at least until **April 30, 2000** (or 40 days from the date that plaintiffs file their motion to amend and the Court grants that motion) respond to all of the issues raised by plaintiffs – both old and new – in one comprehensive Federal Defendants' Motion In Opposition To Plaintiffs' Motion For Summary Judgment.

_____
HAYDEN W. HEAD, JR.
UNITED STATES DISTRICT JUDGE