UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 31 2000

Michael N. Milby, Clerk of Court

| | |
|---|---|
| GAMFW, INC., DBA FISHERMAN'S ) <br> WHARF and BOBBY GRUMBLES ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> et. al ) <br> ) <br> Defendants. ) <br> _____) | CASE NO. C-00-028 |

**FEDERAL DEFENDANTS' ANSWER
TO PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY RELIEF**

The Federal defendants, William Daley, in his official capacity as the Secretary of the United States Department of Commerce, and the National Marine Fisheries Service, hereby respond to the Plaintiffs' Second Amended Original Complaint And Request For Declaratory Relief, in correspondingly numbered paragraphs, and aver as follows.

1. Federal defendants deny that plaintiffs have established jurisdiction for their Second Amended Original Complaint And Request For Declaratory Judgment under 16 U.S.C. §§ 1801, 1855.

2. The allegations contained in Paragraph 2 that venue is proper are legal conclusions to which no response is required. The remaining sentences of Paragraph 2 contain allegations of which federal defendants are without knowledge or sufficient information to form a belief as to the truth, and,



therefore, federal defendants deny the same.

3. Federal defendants deny that no service of process is necessary. Federal Rule of Civil Procedure 4(c) speaks for itself and requires plaintiffs to serve notice of their complaint(s).

4. The first sentence of Paragraph 4 requires no response as it is plaintiffs' characterization of a rule published in the Federal Register, which speaks for itself and is the best evidence of its content. Defendants admit the allegations in the second sentence of Paragraph 4.

5. Federal defendants deny the allegations contained in Paragraph 5.

6. Paragraph 6 contains allegations of which federal defendants are without knowledge or sufficient information to form a belief as to the truth, and, therefore, federal defendants deny the same.

7. The allegations contained in Paragraph 7 require no response as they constitute plaintiffs' characterization of their claims. To the extent a response is required, federal defendants deny the allegations contained in Paragraph 7.

8. Federal defendants deny the allegations contained in Paragraph 8.

9. Federal defendants deny the allegations contained in Paragraph 9.

10. Federal defendants deny the allegations contained in Paragraph 10:

    a. Federal defendants deny the allegations contained in sub-paragraph (a).

    b. Federal defendants deny that plaintiffs have established jurisdiction for their allegations in sub-paragraph (b) under 16 U.S.C. § 1855. Should the Court find that jurisdiction exists for plaintiffs' allegations in sub-paragraph (b), federal defendants deny the allegations contained in the first sentence, admit that the Interim Rule has short-term adverse effects on all participants in the fishery, but deny that the impact is disproportionate.

c.  Federal defendants deny that plaintiffs have established jurisdiction for their allegations in sub-paragraph (c) under 16 U.S.C. § 1855. Should the Court find that jurisdiction exists for plaintiffs' allegations in sub-paragraph (c), federal defendants deny the allegations contained in sub-paragraph (c).

d.  Federal defendants deny that plaintiffs have established jurisdiction for their allegations in sub-paragraph (d) under 16 U.S.C. § 1855. Should the Court find that jurisdiction exists for plaintiffs' allegations in sub-paragraph (d), federal defendants deny the allegations contained in sub-paragraph (d).

e.  Federal defendants deny that plaintiffs have established jurisdiction for their allegations in sub-paragraph (e) under 16 U.S.C. § 1855. Should the Court find that jurisdiction exists for plaintiffs' allegations in sub-paragraph (e), federal defendants deny that they are required to prepare an Environmental Impact Statement (EIS) in this case and aver that an Environmental Assessment (EA) was prepared in accordance with the requirements of the National Environmental Policy Act (NEPA). Federal defendants deny the rest of sub-paragraph (e).

f.  Federal defendants deny that plaintiffs have established jurisdiction for their allegations in sub-paragraph (f) under 16 U.S.C. § 1855, and deny that plaintiffs have established standing to raise claims in sub-paragraph (f). Should the Court find that jurisdiction exists for plaintiffs' allegations in sub-paragraph (f), federal defendants deny the allegations in the first sentence of sub-paragraph (f). The second sentence of sub-paragraph (f) requires no response

as it is a description of the law which speaks for itself and is the best evidence of its content. To the extent a response is required, federal defendants deny the allegations in the second sentence of sub-paragraph (f).

11. The remaining allegations characterize plaintiffs' prayer for relief for which no response is required. To the extent a response is required, the federal defendants deny that the plaintiffs are entitled to any relief and request that the Court deny plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

12. The plaintiffs have failed to state a claim upon which relief can be granted.

13. The plaintiffs have failed to establish jurisdiction for their Second Amended Original Complaint And Request For Declaratory Relief under 16 U.S.C. §§ 1801, 1855.

14. Plaintiffs have failed to establish standing. Specifically, plaintiffs to do not have standing to raise claims made in 10(f).

15. Any allegation not specifically admitted is denied.

16. Federal defendants reserve the right to amend this answer and to assert appropriate affirmative defenses as this action progresses.

Respectfully submitted,

LOIS J. SCHIFFER
Assistant Attorney General
Environment and Natural Resources Division

JEAN WILLIAMS
Chief, Wildlife & Marine Resources Section
Environment and Natural Resources Division

LARRY LUDKA
Assistant United States Attorney

DATED: March 30, 2000        *Heidi Kukis*
                                   HEIDI KUKIS, Attorney-In-Charge
D.C. Bar No. 459212
Office of the Assistant Attorney General
Environment & Natural Resources Div.
U.S. Department of Justice

950 Pennsylvania Ave., NW
Room 2736
Washington, D.C. 20530
Telephone: (202) 305-0544
Facsimile: (202) 305-2573

Of Counsel for Defendants:

EVE JOY
Attorney-Advisor
United States Department of Commerce
National Oceanic and Atmospheric Administration
Office of General Counsel-Southeast Region
9721 Executive Center Dr., N.
Suite 137
St. Petersburg, FL 33702
Telephone: (727) 570-5370
Facsimile: (727) 570-5376

CONSTANCE SATHRE
Attorney-Advisor
United States Department of Commerce
National Oceanic and Atmospheric Administration
Office of General Counsel for Fisheries
1315 East-West Highway
Room 15602
Silver Spring, MD 20910
Telephone: (301) 713-2231
Facsimile: (301) 713-0658

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 30, 2000, a copy of FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY RELIEF was served by depositing the documents in the United States mail, postage prepaid, upon the counsel of record hereinafter named:

Mr. Leslie Cassidy
1020 Bank of America Center North
500 N. Water Street
Corpus Christi, Texas 78471
(361) 887-2965 (office)
(361) 878-6521 (fax)

Mr. Robert Hayes
BALL JANIK, LLP
1455 F Street, NW, Suite 225
Washington, D.C. 20005
(202) 638-3307 (office)
(202) 783-6947 (fax)

_____
HEIDI KUKIS