United States District Court
Southern District of Texas
FILED

MAY 1 5 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GAMFW, Inc., d/b/a FISHERMAN'S WHARF, and BOBBY GRUMBLES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. C-00-028 |
| THE UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants, and | ) ) | |
| COASTAL CONSERVATION ASSOCIATION, | ) ) | |
| Defendant-Intervenor. | ) ) | |

**DEFENDANTS' MEMORANDUM IN REPLY TO
PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In their opening brief, Defendants demonstrated that this Court should deny Plaintiffs' motion and grant Defendants' motion for summary judgment. Specifically, Defendants demonstrated that the National Marine Fisheries Service ("NMFS") had complied with the requirements of the Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson-Stevens Act" or "MSA"), 16 U.S.C. § 1801 et seq., and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., when the agency promulgated the interim rule ("Interim Rule") for the Gulf of Mexico red snapper fishery that is at issue in this case. Defs. SJ Mem. at 12-21, 22-25. Further, Defendants demonstrated that Plaintiffs lacked the requisite standing to challenge NMFS's issuance of a consistency determination under the Coastal Zone Management Act ("CZMA"), 16 U.S.C. §§ 1451-65. Id. at 21-22. Thus, Defendants showed that Plaintiffs' claims under the MSA and NEPA are

53.

without merit, and that Plaintiffs' claim under the CZMA was non-justiciable.

In their response, Plaintiffs neither rebutted any of Defendants' showings nor provided any evidence to substantiate their claims of inadequacy therein. Rather, Plaintiffs incorporated by reference the "arguments and authorities" in their opening brief, Plfs. SJ Rsp. at 1, ¶ 1, and made one cursory allegation about their standing to bring this lawsuit. Id., ¶ 2. Defendants have already responded to Plaintiffs' "arguments and authorities," Defs. SJ Mem. at 12-25, and, therefore, Defendants address below only the standing allegation of Plaintiffs' response.

In response to Defendants' demonstration that Plaintiffs lack standing to challenge NMFS's consistency determination under the CZMA, Defs. SJ Mem. at 21-22, Plaintiffs allege generally that they have standing "based upon the acknowledged economic losses resulting from the delayed opening of the recreational fishery and the Defendants' use of interim rulemaking procedures to circumvent public comment and other procedural safeguards." Plfs. SJ Rsp. at 1, ¶ 2. This allegation is as meritless as it is conclusory.

In this case, Plaintiffs claim that NMFS committed a procedural violation in making its CZMA determination. Second Amended Complaint, ¶ 10(f); Plfs. SJ Mem. at 27; Plfs. SJ Rsp. at 1, ¶ 2. This claim is non-justiciable, however, because, as Defendants have clearly shown, Defs. SJ Mem. at 21-22, Plaintiffs lack the requisite standing to bring it.[1]  Plaintiffs offer nothing

---

[1]

Even assuming arguendo that Plaintiffs have standing to assert their CZMA claim, Defendants have fully complied with the procedural requirements of the CZMA. See Defs. SJ Mem. at 11, 22. In its consistency determination, NMFS expressly informed the Gulf Coast States that it needed an expedited review due to the compressed time-frame between NMFS's receipt of the Council's request for the Interim Rule (November 16, 1999), and the scheduled opening of the red snapper fisheries (January 1, 2000). AR, Vol. 12, at 5316, 5318, 5320, 5322, and 5324 (NMFS Letters to Gulf States). The CZMA permits alternative time-frames in which to complete the
(continued...)

in their response to rebut Defendants' clear showing.

In addition, to the extent that Plaintiffs apparently are alleging that the only injuries that they have sustained and are sustaining as a result of the implementation of the Interim Rule are economic in nature, Plaintiffs lack the requisite standing to maintain their NEPA claim.  See, e.g., Western Radio Services Company v. Espy, 79 F.3d 896 (9th Cir.) cert. denied 117 S.Ct. 80 (1996); Nevada Land Action Ass'n v. U.S. Forest Service, 8 F.3d 713, 716 (9th Cir. 1993) (holding that "[t]he purpose of NEPA is to protect the environment, not the economic interests of those adversely affected by agency decisions.  Therefore a plaintiff who asserts purely economic injuries does not have standing to challenge agency action under NEPA.") (citations omitted).

For the reasons set forth above and in Defendants' opening brief, this Court should deny Plaintiffs' motion and grant Defendants' motion for summary judgment.

Respectfully submitted this /5ᵗʰ day of May, 2000,

---

[1](...continued)
consistency review process, see 15 C.F.R. § 930.34(b).  Three days after receiving the Council's recommendation to issue the Interim Rule, NMFS sent its consistency determination to the Gulf Coast States so as to provide the States as much time as possible to conduct their reviews.

All of the Gulf Coast states -- including Texas -- responded in an expedited fashion (i.e., by December 13, 1999) to NMFS's consistency determination.  AR, Vol. 12, at 5485 (Information Memorandum), 5524 - 27 (Letters from Louisiana, Mississippi, Alabama, and Florida), and 5376 (Letter from Texas).  Except for Texas, which made several objections, all of the Gulf Coast states concurred with NMFS's consistency determination. AR, Vol. 12, at 5376 (Letter from Texas)  On December 14, 1999, NMFS provided Texas with further explanation of the need and basis for the Interim Rule and, further, informed the State that it was "proceeding with publication of [the Interim Rule]."  AR, Vol. 12, at 5372 (NMFS Letter to Texas).  Having received no objection to its request for an expedited review and after receiving responses from the Gulf Coast states (including Texas), NMFS published the Interim Rule on December 20, 1999. 64 Fed. Reg. 71056 (December 20, 1999), AR, Vol. 18, at 8870.  Therefore, NMFS properly complied with the regulations implementing the CZMA.

MERVYN M. MOSBACKER
United States Attorney
Southern District of Texas

By: _____
LARRY LUDKA
Assistant United States Attorney

LOIS J. SCHIFFER
Assistant Attorney General
JEAN WILLIAMS, Chief
ALLISON AREIAS, Attorney-in-charge
DC Bar # 453909
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, D.C. 20044-7369
Tel: (202) 305-0213
Fax: (202) 305-0275

ANTHONY P. HOANG
GEOFFREY GARVER
CAROLINE BLANCO
United States Department of Justice
Environment and Natural Resources Division
General Litigation Section
Washington, D.C.  20044-0663

Attorneys for Defendants


OF COUNSEL:
MICHAEL McLEMORE
E.V.E JOY
CONSTANCE SATHRE
NOAA Office of the General Counsel

-4-

CM/PDF - www.fasiio.com

## CERTIFICATE OF SERVICE

I hereby certify that Defendants' Memorandum in Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment was served this 15th day of May 2000 to the following:

> Les Cassidy
> Woolsey & Cassidy
> 500 N. Water Street, Suite 1020 North
> Corpus Christi, Texas 78471
>
> Robert Hayes
> Ball Janik, LLP
> 1455 F Street, N.W., Suite 225
> Washington, D.C.  20005
>
> Bruce Hawn, Esq.
> The Kleberg Law Firm
> Suite 900, North Tower
> 800 N. Shoreline Boulevard
> Corpus Christi, Texas 78401-3709
> (361) 693-8500 - voice
> (361) 693-8600

LARRY LUDKA
Assistant United States Attorney