IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 1 4 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| GAMFW, Inc , DBA Fisherman's Wharf and Bobby Grumbles, et al., | § § § § § | |
| Plaintiffs, | | 68. |
| v. | § § § | CIVIL ACTION NO. C-00-028 |
| WILLIAM M. DALEY, Secretary of Commerce, et al., | § § § § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs' motion for expedited review [D.E. 27-2] is GRANTED. Plaintiffs' motion for summary judgment [D.E. 27-1] is DENIED. Defendants' motion for summary judgment [D.E. 50-2] is GRANTED. Defendant Intevenor's motion for summary judgment [D.E. 48-1] is DENIED as moot.

The Defendants have established that as a matter of law that Congress gave the Secretary of the Department of Commerce the power to reduce overfishing by interim measure and not just by emergency rule. *See* 16 U.S.C. 1855(c)(1) (2000). The record establishes that the red snapper fishery is severely overfished. (AR 3260, 3345, 3070.) The record further contains calculations that 600,000 pounds of red snapper will be saved by promoting compatible length of federal and state fishing seasons. (AR 5445.) The Court has no basis to reject such claim and finds the need for compatible seasons intuitively sound.

The other changes, to permit captain and crew to fish and to increase the legal length of possessed snapper, are of dubious merit especially since they were rejected by the Secretary in the September 1st amendment, 64 Fed. Reg. at 47,711-713, to the red snapper Fishery Management Plan. The record before the Court suggests they are more likely measures to improve the economics of those in the for hire sector of the industry rather than to reduce overfishing of red snapper which is the sole purpose authorized by an interim measure promulgated under 16 U.S.C. § 1855(c)(1).

Considering that these measures are interim and therefore self limiting, and that the standard of review is arbitrary and capricious, 16 U.S.C. § 1855(f)(1)(B), the Court declines to reverse the Secretary's balance of choices.

ORDERED this 11 day of August, 2000.

H.W. HEAD, JR.
UNITED STATES DISTRICT JUDGE